OPINION
BARNES, Judge.
Case Summary
Matthew Fiandt appeals his convictions for two counts of Class A misdemeanor intimidation and one count of Class B misdemeanor harassment. We affirm.
Issue
The issue before the court is whether Fiandt was improperly denied his right to a jury trial.
Facts
On February 27, 2012, Fiandt was charged with two counts of Class A misdemeanor intimidation and two counts of *423 Class B misdemeanor harassment in the Plainfield Town Court. His initial hearing was held on March 15, 2012, via video, where he indicated he was going to hire a private attorney and was given ten days to do so. His bench trial was scheduled for June 12, 2012, and he was released on his own recognizance. On March 30, 2012, a warrant for Fiandt’s arrest was issued when he failed to obtain an attorney. He was arrested on June 12, 2012. At that time the court appointed him counsel, Annie Fierek, and continued his bench trial to August 14, 2012.
On July 31, 2012, Fierek filed a request for a jury trial, which the Plainfield Town Court granted, and the case was transferred to Hendricks Superior Court for purposes of holding a jury trial. On August 15, 2012, Fierek withdrew her appearance, and Tom Lee was appointed by the court as new counsel on August 30, 2012. Lee submitted a request on September 20, 2012, for a bench trial instead of a jury trial. The Hendricks Superior Court did not hold a hearing on this request. On October 5, 2012, that court conducted a bench trial and found Fiandt guilty of two counts of Class A misdemeanor intimidation and one count of Class B misdemeanor harassment and not guilty of one count of Class B misdemeanor harassment. Fiandt now appeals.
Analysis
Fiandt claims he was improperly denied his right to a jury trial because the trial court did not personally secure a jury trial waiver from him on the record. The right to a jury trial is guaranteed by the Indiana and United States Constitutions. Young v. State, 973 N.E.2d 643, 645 (Ind.Ct.App.2012). The right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22. Id. at 645. Criminal Rule 22 provides:
A defendant charged with a misdemean- or may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.
“Thus, when charged with a misdemeanor, a defendant can waive [his or] her right to a jury trial by failing to make a timely demand for trial by jury.” Young, 973 N.E.2d at 645. Fiandt argues that he affirmatively demanded his right to be tried by a jury when he submitted his request for jury trial on July 31, 2012, prior to his bench trial scheduled for August 14, 2012. However, in order to assert the right to a jury trial in accordance with Criminal Rule 22, Fiandt was required to file his request ten days prior to his first scheduled trial date, which was June 12, 2012. Fiandt’s jury trial request filed on July 31, 2012, was far too late to secure his right to a jury trial. By that time, Fiandt had already waived his right to a jury trial by operation of law, no later than June 2, 2012. Fiandt did not have to make a personal, express, on-the-record statement that he was knowingly, intelligently, and voluntarily waiving his right to a jury trial. See Hutchins v. State, 493 N.E.2d 444, 445 (Ind.1986) (stating that alleged misde- *424 meanant can waive jury trial right solely by failing to timely request jury trial by Criminal Rule 22 deadline).
It is true, as asserted by the dissent, that a waiver of jury trial in misdemeanor cases under Criminal Rule 22 is ineffective if the trial court did not adequately advise the defendant of the consequences of a failure to demand a jury trial no later than ten days prior to the first trial date. See Levels v. State, 972 N.E.2d 972, 973-74 (Ind.Ct.App.2012). Fiandt makes no argument that the trial court failed to make the proper advisements or that there is any reason for considering this first waiver of his jury trial right to be invalid. Also, this is not a case in which the record is “silent” or “missing” as to whether proper constitutional advisements were given. Cf. Hall v. State, 849 N.E.2d 466, 472 (Ind.2006) (stating that “silent” record is one in which an existing transcript fails to reveal that defendant was advised of constitutional rights, while “missing” record is one in which transcript and other documents are unavailable and cannot be reconstructed) (quoting Parke v. Raley, 506 U.S. 20, 30, 113 S.Ct. 517, 523-24, 121 L.Ed.2d 391 (1992)). Rather, Fiandt simply has not provided this court with any records related to what he was told at the time of his initial hearing, nor has he claimed that such records are unavailable, nor did he request a transcript of his initial hearing. Given Fiandt’s failure to make any argument that he was inadequately advised regarding his jury trial rights at the time of his initial hearing and his failure to provide this court with any documentation that would support such a claim, it is inappropriate to speculate that he was inadequately advised.
Having waived his right to a jury trial by failing to timely request one, Fiandt did not have any constitutional entitlement to withdraw that waiver. See Hutchins, 493 N.E.2d at 445. Rather, any subsequent decision to grant a jury trial to Fiandt was purely discretionary and not constitutionally required. See id. Moreover, Criminal Rule 22 constrains the discretion of trial courts to grant a jury trial after a previous waiver to situations in which the defendant and the State expressly agree in writing to the request. There is no indication of any such written agreement in the record; rather, on July 31, 2012, Fiandt simply filed a unilateral jury trial request without the State’s agreement. Thus, not only was the Plain-field Town Court here not required to grant Fiandt’s untimely jury trial request, it arguably was required to deny that request.
At best, the Plainfield Town Court’s granting of Fiandt’s untimely jury trial request was a discretionary ruling that could later be reversed or, at worst, was a legal nullity that needed to be reversed. See In re Estate of Hammar, 847 N.E.2d 960, 962 (Ind.2006) (holding trial courts have authority to change previous discretionary rulings as long as a case remains in fieri, or pending resolution). Here, when the Hendricks Superior Court was faced with Fiandt’s request for a bench trial after having requested a jury trial, there was no obstacle to the granting of that request because Fiandt had already waived his right to a jury trial. Nor did it have to observe any constitutional requirements for obtaining a jury trial waiver from Fiandt personally because the holding of a jury trial was not constitutionally mandated at that point. It is therefore unnecessary to delve into whether Fiandt’s attorney’s request for a bench trial would have been sufficient to waive Fiandt’s right to a jury trial.
Conclusion
Fiandt failed to make a timely demand for a trial by jury as required by Criminal *425 Rule 22, and, therefore, he was not entitled to have one. We affirm.
Affirmed.
BAILEY, J., concurs.
NAJAM, J., dissents with opinion.