

FILED

Aug 08 2017, 7:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Evaristo Martinez,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 8, 2017

Court of Appeals Case No.
49A02-1609-CR-2155

Appeal from the Marion Superior
Court

The Honorable Rebekah F.
Pierson-Treacy, Judge

The Honorable Ronnie Huerta,
Commissioner

Trial Court Cause No.
49G19-1511-CM-41708

**Altice, Judge.**

**Case Summary**

[1] Following a bench trial, Evaristo Martinez was convicted of Class A misdemeanor operating a vehicle while intoxicated (OWI). On appeal, Martinez argues that his conviction must be reversed because he did not validly waive his right to a jury trial.

[2] We affirm.

## Facts & Procedural History

[3] On November 22, 2015, Martinez was pulled over for speeding and failing to signal a left turn. Martinez exhibited signs of intoxication, and after failing a field sobriety test, he was transported to the police station where a chemical breath test revealed that he had an alcohol concentration equivalent of 0.129 grams of alcohol per 210 liters of breath.

[4] As a result of these events, Martinez was charged with two OWI offenses, one as a Class A misdemeanor and one as a Class C misdemeanor, as well as Class C misdemeanor driving without ever receiving a license. At the initial hearing, Martinez (who speaks limited English) received a written advisement of rights form in Spanish. The form advised Martinez that he had a right to a jury trial, and that because he was charged with misdemeanors, he would be required to file a petition requesting a jury trial at least ten days before the trial date if he

wished to exercise that right.[1] The form further advised that if no timely jury request was filed, Martinez would waive his right to be tried by a jury. Martinez signed the form, indicating that he had read and understood his rights.

[5] Martinez retained counsel the day after the initial hearing, and he was continuously represented by counsel through trial. At a pretrial conference on February 25, 2016, the trial court issued a case management order setting a trial date of June 9, 2016. The order also contained the following paragraph:

> Monday, Thursday, and Friday trial settings are 1 day trials. If a jury is demanded by either the Defendant or the State, then the jury will be heard on the same date as the court trial setting. Written jury waviers [sic] will not be granted less than 30 days prior to the trial date. Oral jury waviers [sic] will not be accepted. Jury demand by the State must be in writing and filed no less than 30 days prior to the trial date. Continuances are disfavored.

*Appellant's Appendix* at 26.

[6] Martinez did not file a request for a jury trial, and this case proceeded to a three-day bench trial, at the conclusion of which he was found guilty of the OWI offenses. The State dismissed the driving without ever receiving a license charge, and the trial court vacated the judgment of conviction for the Class C

---

[1] A copy of this form has been included in the Appellant's Appendix. In his brief, Martinez has provided a translation of the relevant portion of the form obtained using Google Translate. The State does not dispute the accuracy of the translation Martinez has provided.

misdemeanor OWI. On the remaining Class A misdemeanor, the trial court sentenced Martinez to 178 days, with sixty days executed on home detention and the balance suspended to probation. Martinez now appeals.

## Discussion & Decision

[7] On appeal, Martinez argues that he did not validly waive his right to a jury trial. We note, however, that Martinez has not provided us with transcripts of any of the pretrial hearings in this case, which would be integral to our review of his arguments.[2] It is well settled that it is the appellant's burden to provide us with an adequate record to permit meaningful appellate review. *Wilhoite v. State*, 7 N.E.3d 350, 354-55 (Ind. Ct. App. 2014). We acknowledge that in his notice of appeal, Martinez requested transcripts of "all relevant pre-trial proceedings[.]" *Appellant's Appendix Vol. 2* at 23. Nevertheless, when Martinez received an incomplete transcript, it was his obligation to request supplementation of the record and, if a transcript of the pretrial proceedings was unavailable for some reason, to prepare a statement of evidence as set forth in Ind. Appellate Rule 31. Martinez did neither,[3] and has therefore failed to meet his burden to present us with an adequate record. Accordingly, he has waived

---

[2] In addition to his initial hearing and the February 25, 2016 pretrial conference at which the trial court issued the case management order mentioned above, the CCS indicates that another pretrial conference was held on March 31, 2016.

[3] On December 22, 2016, Martinez requested and was granted an extension of time from this Court to obtain supplemental transcripts, to which he attached a copy of the motion he had filed in the trial court pursuant to Ind. Appellate Rule 9. In the motion, he requested transcripts of the first two days of the trial proceedings, which took place on June 9 and July 14, 2016, as well as a conference held on August 4, 2016, prior to the last day of trial. He did not seek to have any of the pretrial proceedings transcribed at that time.

his claims of error on appeal. *See Davis v. State*, 935 N.E.2d 1215, 1217 (Ind. Ct. App. 2010) (finding waiver based on defendant's failure to provide a transcript of the relevant proceedings).

[8] Waiver notwithstanding, we will address Martinez's arguments to the extent the limited record permits. His claims are twofold. First, he argues that requiring a person charged with a Class A misdemeanor to follow the procedures set forth in Ind. Criminal Rule 22 in order to exercise his or her right to a jury trial violates the Sixth Amendment to the U.S. Constitution. Second, he argues that the record in this case does not reflect a knowing and intelligent waiver because the trial court gave him contradictory and ambiguous advisements concerning his right to a jury trial.

[9] "The right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22." *Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013). Ind. Crim. Rule 22 provides in relevant part as follows:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

Martinez acknowledges that he was charged with misdemeanors and did not request a jury trial as Crim. R. 22 requires. He argues instead that requiring him to make such a request in order to preserve his right to a jury trial is unconstitutional. Specifically, he argues that in order for a jury waiver to be valid under the Sixth Amendment when a defendant is charged with a Class A misdemeanor,[4] the defendant must personally indicate a desire to waive that right, either in writing or verbally in open court.

[10] Our Supreme Court recently discussed the jury trial right in *Horton v. State*:

> The jury trial right is a bedrock of our criminal justice system, guaranteed by both Article I, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution. In broad view, federal and Indiana constitutional jury trial rights guarantee the same general protection—a criminal defendant must receive a jury trial, unless he waives it. Waiver of the Sixth Amendment jury trial right must be "express and intelligent," *Patton v. United States*, 281 U.S. 276, 312, 50 S. Ct. 253, 74 L.Ed. 854 (1930), and waiver of the Indiana constitutional jury trial right must be "knowing, voluntary[,] and intelligent," *Perkins v. State*, 541 N.E.2d 927, 928 (Ind. 1989).
>
> But the Indiana jury trial right provides greater protection because, *in a felony prosecution*, waiver is valid only if

---

[4] The Sixth Amendment guarantees the right to a jury trial for all "serious infractions." *Duncan v. Louisiana*, 391 U.S. 145, 160-61 (1968). Serious infractions are those for which the maximum sentence exceeds six months. *Baldwin v. New York*, 399 U.S. 66, 69 (1970). Because the maximum sentence for a Class A misdemeanor is one year, the Sixth Amendment right to a jury trial applies. *See* Ind. Code § 35-50-3-2. Because the maximum sentences for Class B and C misdemeanors do not exceed six months, the Sixth Amendment does not guarantee a right to a jury trial for such offenses. *See* I.C. §§ 35-50-3-3, -4. The Indiana Constitution, however, guarantees the right to a jury trial "[i]n all criminal prosecutions[.]" Ind. Const. Art. 1, § 13.

communicated personally by the defendant, *Kellems* [*v. State*, 849 N.E.2d 1110,1114 (Ind. 2006)]—an issue which, under the Sixth Amendment, has split federal circuit courts of appeals. *Compare United States v. Khan*, 461 F.3d 477, 492 (4th Cir. 2006) (upholding written waiver signed only by counsel), and *United States v. Leja*, 448 F.3d 86, 94–95 (1st Cir. 2006) (same), and *United States v. Page*, 661 F.2d 1080, 1081–82 (5th Cir.1981) (upholding oral waiver by counsel), with *United States v. Diaz*, 540 F.3d 1316, 1321–22 (11th Cir. 2008) (refusing to uphold written waiver signed only by counsel).

51 N.E.3d 1154, 1158 (Ind. 2016) (emphasis supplied). The court went on to explain that "Indiana's personal waiver requirement derives from the statutory procedure for waiving the state constitutional jury trial right." *Id.* The relevant statute, Ind. Code § 35-37-1-2, provides that "[*t*]*he defendant* and prosecuting attorney, with the assent of the court, may submit the trial to the court. *Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure*, all other trials must be by jury." (emphasis supplied). As set forth above, Crim. R. 22 "provides that a defendant charged with a misdemeanor is presumed to waive the jury trial right unless he invokes it in writing at least ten days before the first scheduled day of trial." *Horton*, 51 N.E.3d at 1158, n.1.

[11] In support of his argument that there is nevertheless a personal waiver requirement emanating from the Sixth Amendment and applicable where a defendant is charged only with misdemeanors, Martinez directs our attention to *Jean-Baptiste v. State*, 71 N.E.3d 406 (Ind. Ct. App. 2017), *petition for trans. filed.* In that case, another panel of this court reversed a misdemeanor conviction, based in part on its *sua sponte* conclusion that the defendant, who had not

complied with Crim. R. 22 but requested a jury trial on the day of his scheduled bench trial, was nevertheless entitled to a trial by jury. The court held that it was fundamental error to deny the jury trial request because "[a]bsent his personal waiver of his right to a jury trial on the record, the court was required under the Sixth Amendment to presume that a defendant charged with a Class A misdemeanor desired a jury trial, not a bench trial." *Jean-Baptiste*, 71 N.E.3d at 412.

As an initial matter, we note that by failing to provide us with transcripts of the pretrial proceedings, Martinez has not provided us with a record sufficient to support a finding that he did not personally waive his right to a jury trial verbally and in open court. This is not a case where the record is silent or missing—Martinez has simply failed to provide us with the relevant transcripts. *See Fiandt*, 996 N.E.2d at 424 (explaining that a record is "silent" when an existing transcript fails to reveal a proper advisement, while a "missing" record is one in which the transcript is unavailable and cannot be reconstructed). Martinez cannot create a presumption that no personal waiver occurred by providing an incomplete record.

In any event, even if we assume that Martinez did not personally waive his right to a jury trial, we conclude that no such waiver was constitutionally required. Because we believe it represents a departure from a long line of case law, we decline to follow *Jean-Baptiste*. *See Smith v. State*, 21 N.E.3d 121, 126 (Ind. Ct. App. 2014) (explaining that this court does not recognize horizontal

stare decisis, and although we consider and respect the decisions of other panels, we are not bound by them).

[14] None of the cases cited in *Jean-Baptiste* held that the Sixth Amendment requires a personal waiver of the jury trial right in a misdemeanor case—or even in a felony case, for that matter.[5] In *Horton*, our Supreme Court recognized a personal waiver requirement in felony cases emanating from state statute, but the relevant statute plainly does not require a personal waiver where a defendant is charged with misdemeanors only. Moreover, Indiana courts have routinely noted that misdemeanor defendants waive their right to a jury trial by failing to make a timely jury demand—no affirmative waiver is required. *See, e.g., Hutchins v. State*, 493 N.E.2d 444, 445 (Ind. 1986) (explaining that a misdemeanant waives a jury trial by failing to request one); *Fiandt*, 996 N.E.2d at 423 (holding that the misdemeanor defendant waived his right to a jury trial by operation of law by failing to file a timely request, and that he "did not have to make a personal, express, on-the-record statement that he was knowingly,

---

[5] The court quoted *Casselman v. State*, 472 N.E.2d 1310, 1311 n.1 (Ind. Ct. App. 1985), for the proposition that waiver of a jury trial right cannot be presumed from a silent record. But the *Casselman* court was concerned with whether the misdemeanor defendant had been properly advised that failure to timely request a jury trial would result in waiver. Because the record reflected no such advisement, the defendant's failure to request a jury trial did not constitute a valid waiver. *Cf. Greene v. State*, 670 N.E.2d 38, 39 (Ind. Ct. App. 1996) (explaining that when the record contains a written advisement complete with a misdemeanor defendant's signature, the record is not silent on the matter of waiver), *trans. denied*.

The court also cited *Doughty v. State*, 470 N.E.2d 69, 70 (Ind. 1984), in which our Supreme Court recognized a statutory personal waiver requirement based on a prior version of I.C. § 35-37-1-2. No constitutional provisions are mentioned in that case.

Finally, the court cited Judge Najam's dissent in *Fiandt v. State*, but the majority in that case held that the misdemeanor defendant was not required to affirmatively waive his right to a jury trial on the record. 996 N.E.2d at 423.

intelligently, and voluntarily waiving his right to a jury trial"); *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012) ("although a [misdemeanor] defendant must be advised of her constitutional right to a jury trial, a written advisement of her rights and the consequences of failure to make a timely demand is sufficient to act as a waiver of said right"). For all of these reasons, we reject Martinez's arguments with respect to the constitutionality of Crim. R. 22 as applied to individuals charged with Class A misdemeanors.

[15] Martinez also argues that the record in this case does not reflect a knowing and voluntary waiver of his right to a jury trial because he was given contradictory advisements on how to exercise that right. Martinez does not dispute that the advisement of rights form he signed at his initial hearing adequately advised him of his right to a jury trial and the consequences of his failure to make a jury demand, nor does he assert that he was incapable of understanding the advisement. Rather, he argues that this advisement was contradicted by the language of the February 25, 2016 case management order, which he claims "advised [him] that if he wished to waive his right to a jury trial, he must do so affirmatively in writing." *Appellant's Brief* at 11. Putting aside the question of whether this is a plausible reading of the case management order, and further assuming that Martinez was aware of and understood the order, which was written in English, the absence of transcripts of the initial hearing and pretrial conferences precludes us from conducting meaningful appellate review of this issue. Martinez has not established reversible error on this basis.

[16] Judgment affirmed.

Kirsch, J. and Mathias, J., concur.