

**FILED**

Apr 12 2018, 5:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tarsha Cheesman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 12, 2018<br><br>Court of Appeals Case No.<br>11A01-1708-CR-1939<br><br>Appeal from the Clay Circuit Court<br><br>The Honorable Joseph D. Trout, Judge<br><br>Trial Court Cause No.<br>11C01-1606-CM-473 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Tarsha Cheesman was convicted of theft, a Class A misdemeanor. Cheesman now appeals, presenting only one issue for our review which we restate as whether the trial court erred in denying Cheesman's demand for a jury trial. Concluding the trial court did not err, we affirm.

# Facts and Procedural History[1]

[2] In May of 2016, Cheesman was employed by Page's IGA Grocery Store in Brazil, Indiana. On May 31, she requested a $50 cash advance from her next paycheck. The owner obliged, Cheesman signed a note promising to repay the $50, and the owner left a note instructing another employee to withhold $50 after cashing Cheesman's next paycheck. In a video later presented at trial, Cheesman can be seen stealing the $50 which the employee had set aside, and, although given another opportunity to repay the debt, Cheesman never did. State's Exhibit 1.

[3] On June 22, 2016, Cheesman was charged with theft, a Class A misdemeanor. On August 1, 2016, the trial court conducted an initial hearing at which Cheesman signed a Defendant's Acknowledgement of Rights providing:

---

[1] We heard oral argument in Hammond, Indiana, at the Hammond Academy of Science and Technology on March 19, 2018. We thank the faculty, staff, and students of the Hammond Academy of Science and Technology for their generous hospitality and commend counsel for their skilled and informative oral advocacy.

4.  (For Misdemeanor cases only) If you wish to exercise your right to trial by jury, you must file a written demand for a jury trial. *You must file this written demand no later than ten (10) days before your first scheduled trial date.* If you fail to file a written demand, or if you file a written demand but you file it late, you give up your jury trial right, permanently. If you give up your jury trial right, you will have no say about whether it will be a jury or a judge who hears the evidence at your trial and determines whether the State of Indiana proves your guilt beyond a reasonable doubt.

Appellant's Appendix, Volume II at 14 (emphasis added).

[4]     The trial court set Cheesman's trial date for September 28, 2016. Cheesman moved to continue her trial and the trial court set a new trial date of December 7, 2016. Then, on November 18, 2016, the trial court set a new trial date of January 18, 2017, due to the unavailability of the presiding judge on the previously scheduled date. On January 6, 2017, Cheesman moved for a jury trial and a continuance. The trial court granted Cheesman's request for a continuance, setting a new trial date of April 19, 2017, but denied her demand for a jury trial because it was untimely filed.

[5]     On April 7, 2017, the State moved to amend the information. Cheesman waived her initial hearing on the amended information and requested a continuance, which the trial court granted, and the trial court set a new trial date of May 10, 2017. On May 1, 2017, again because of the presiding judge's unavailability on the scheduled date, the trial court reset the trial date for July 26, 2017, when Cheesman's trial was finally conducted. The trial court found

Cheesman guilty as charged and sentenced her to one year suspended to probation. Cheesman now appeals.

# Discussion and Decision

[6] On appeal, Cheesman argues that although Sixth Amendment jurisprudence only permits express waiver of a defendant's jury trial right, Indiana Criminal Rule 22 permits waiver where a defendant fails to file a timely request for a jury trial—timely being ten days prior to the defendant's first scheduled trial date. Therefore, Cheesman alleges that her Sixth Amendment jury trial right was violated when the trial court denied her jury demand. In turn, the State argues that Cheesman waived her jury trial right through her signature on the Defendant's Acknowledgement of Rights and her subsequent failure to demand a jury trial within the allotted time period.

[7] Notably, Cheesman confines her argument to the Sixth Amendment to the United States Constitution and does not present argument regarding Article 1, Section 13 of the Indiana Constitution, or Indiana Code Section 35-37-1-2.[2]

[8] Indiana Criminal Rule 22 provides:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10)

---

[2] Indiana Code section 35-37-1-2 provides:

The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure, all other trials must be by jury.

days before his first scheduled trial date.  The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record.  If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

Applied here, the Rule required Cheesman's demand for a jury trial be filed by September 18, 2016, ten days before the first scheduled trial date of September 28.  However, because September 18 fell on a Sunday, pursuant to Indiana Trial Rule 6(A)(2), Cheesman's demand was due Monday, September 19.  Cheesman's demand was not filed until January 6, 2017—almost four months late.

# I. Standard of Review

[9] Whether a defendant has waived her jury trial right under the Sixth Amendment is a question of law and we review such questions de novo.  *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016).

## II. The Jury Trial Right

## A. The Sixth Amendment

The Sixth Amendment to the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

In criminal cases, the jury trial right is "fundamental to the American scheme of justice," and such right has been incorporated to the states by way of the Fourteenth Amendment. *Duncan v. Louisiana,* 391 U.S. 145, 149 (1968). This jury trial right extends to all charged with "serious" offenses. *Id.* at 160-61. Whether an offense is "serious," as opposed to "petty," is answered by "consider[ing] the maximum penalty attached to the offense." *Lewis v. United States*, 518 U.S. 322, 326 (1996). A "serious offense" is any offense "where imprisonment for more than six months is authorized." *Baldwin v. New York*, 399 U.S. 66, 69 (1970).

In this case, Cheesman was charged with theft, a Class A misdemeanor. A Class A misdemeanor carries a possible term of imprisonment "of not more than one (1) year." Ind. Code § 35-50-3-2. Thus, as a matter of federal constitutional law, Class A misdemeanors constitute "serious offenses" for the

purposes of the Sixth Amendment.[3]  *See, e.g.*, *Martinez v. State*, 82 N.E.3d 261, 264 n.4 (Ind. Ct. App. 2017), *trans. denied*.

## B. Waiver Under the Sixth Amendment

On appeal, Cheesman claims that her signature on the Defendant's Acknowledgement of Rights form and her subsequent failure to demand a jury trial within the time permitted by Indiana Criminal Rule 22 were insufficient to constitute a valid waiver of her Sixth Amendment right to a trial by jury.  We disagree.

It has long been established that a criminal defendant may waive his or her Sixth Amendment jury trial right.  *Patton v. United States*, 281 U.S. 276, 299 (1930), *abrogated on other grounds* by *Williams v. Florida*, 399 U.S. 78 (1970).  Our supreme court recently discussed such waiver in *Horton v. State*:

> The jury trial right is a bedrock of our criminal justice system, guaranteed by both Article I, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution.  In broad view, federal and Indiana constitutional jury trial rights guarantee the same general protection—a criminal defendant must receive a jury trial, unless he waives it. Waiver of the Sixth Amendment jury trial right must be "express and intelligent," *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930), and waiver of the Indiana

---

[3] Under the Supreme Court's definition, "serious offenses" in Indiana for the purpose of the Sixth Amendment are Class A misdemeanors and all felonies.  Class B and C misdemeanors carry maximum possible sentences of six months and two months, respectively.  Ind. Code §§ 35-50-3-3; 35-50-3-4.  Thus, they constitute "petty" offenses—without the protection of the Sixth Amendment.

constitutional jury trial right must be "knowing, voluntary[,] and intelligent," *Perkins v. State*, 541 N.E.2d 927, 928 (Ind. 1989).

> But the Indiana jury trial right provides greater protection because, *in a felony prosecution*, waiver is valid only if communicated personally by the defendant, *Kellems* [*v. State*, 849 N.E.2d 1110, 1114 (Ind. 2006)]—an issue which, under the Sixth Amendment, has split federal circuit courts of appeals. *Compare United States v. Khan*, 461 F.3d 477, 492 (4th Cir. 2006) (upholding written waiver signed only by counsel), and *United States v. Leja*, 448 F.3d 86, 94-95 (1st Cir. 2006) (same), and *United States v. Page*, 661 F.2d 1080, 1081-82 (5th Cir. 1981) (upholding oral waiver by counsel), with *United States v. Diaz*, 540 F.3d 1316, 1321-22 (11th Cir. 2008) (refusing to uphold written waiver signed only by counsel).

51 N.E.3d 1154, 1158 (Ind. 2016) (emphasis added).

[15] We addressed a claim similar to Cheesman's in *Martinez v. State*. There, Martinez was charged with a Class A misdemeanor and several Class C misdemeanors. At his initial hearing, Martinez—who spoke limited English— signed a written acknowledgement of rights form in Spanish. 82 N.E.3d at 263. After failing to file a timely request for a jury trial, Martinez was convicted of a Class A misdemeanor at a bench trial and he subsequently appealed his conviction presenting two arguments:

> First, he argue[d] that requiring a person charged with a Class A misdemeanor to follow the procedures set forth in Ind. Criminal Rule 22 in order to exercise his or her right to a jury trial violates the Sixth Amendment to the U.S. Constitution. Second, he argue[d] that the record in this case does not reflect a knowing and intelligent waiver because the trial court gave him

contradictory and ambiguous advisements concerning his right to a jury trial.

*Id.* at 264.

[16] Notwithstanding Martinez's waiver of the issues due to his failure to present a complete record for our review, we nevertheless attempted to address his claims on the merits. Regarding his first argument, we explained, "even if we assume that Martinez did not personally waive his right to a jury trial, we conclude that no such waiver was constitutionally required." *Id.* at 265. In doing so, we distinguished *Horton,* because the personal waiver discussed therein stemmed from a state statute—not the Sixth Amendment—and related to *felony* prosecutions—not *misdemeanors. Id.* Regarding his second argument, we noted that Martinez did not dispute the validity of the written acknowledgement of rights form, nor did he claim that he did not understand it. Rather, Martinez claimed the form was later contradicted when he was advised that if "he wished to waive his right to a jury trial, he must do so affirmatively in writing." *Id.* at 266. We then explained that the absence of transcripts hindered our review of the issue and concluded that Martinez had therefore failed to establish reversible error. *Id.* at 267.

[17] Here, Cheesman's argument differs in two meaningful respects. First, rather than the personal waiver at issue in *Martinez*—and *Horton* for that matter— Cheesman claims that waiver of the Sixth Amendment's jury trial right must be "express and intelligent." Appellant's Brief at 10. And second, Cheesman makes no allegation that the trial court provided contradictory instructions and

instead alleges that her inaction—failing to file a timely demand for a jury trial—is insufficient to constitute an express waiver.

[18] We, of course, look to federal law regarding the efficacy of a waiver of a federal constitutional right. "The question of a waiver of a federal guaranteed constitutional right is . . . a federal question controlled by federal law." *Brookhart v. Janis,* 384 U.S. 1, 4 (1966). "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). And, when considering fundamental constitutional rights, like the right to trial by jury, we "indulge every reasonable presumption against waiver." *Id.* Furthermore, we may not presume the waiver of a fundamental right from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969); *Casselman v. State,* 472 N.E.2d 1310, 1311 n.1 (Ind. Ct. App. 1985).

[19] Regarding the applicable standard for waiver, Cheesman relies on the United States Supreme Court's language in *Patton v. United States*:

> Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court

must be had, in addition to the *express and intelligent consent of the defendant*.

281 U.S. at 312 (emphasis added).[4]  Cheesman also points to our supreme court's statement in *Horton* that "[w]aiver of the Sixth Amendment jury trial right must be 'express and intelligent,' [citing *Patton*, 281 U.S. at 312]."  51 N.E.3d at 1158.

[20]  In turn, the State attempts to distinguish the holding of *Patton,* arguing that the court was presented with a narrow question regarding whether a defendant could consent to an eleven-person jury, not whether a defendant could waive the right to trial by jury altogether.  Therefore, the State argues, "the Court's statement was dictum," because there was no question that the parties had consented to the jury.  Brief of Appellee at 8.  And, in support thereof, the State offers two examples of Justices referring to the relevant language from *Patton* as dictum:

> *Gonzalez v. United States*, 553 U.S. 242, 255 n.1 (2008) (Scalia, J., concurring) (noting that the statement "was dictum; the *Patton* defendants had all agreed to the waiver") (internal quotation marks and citations omitted); *id*. at 267 (Thomas, J., dissenting) ("The [*Patton*] Court stated in dicta that the express and

---

[4] Although not cited by Cheesman, the Court later explained in *Adams v. U.S. ex rel. McCann*,

> We have already held that one charged with a serious federal crime may dispense with his Constitutional right to jury trial, where this action is taken with his express, intelligent consent, where the Government also consents, and where such action is approved by the responsible judgment of the trial court.

317 U.S. 269, 277-78 (1942).

intelligent consent of the defendant is required before any waiver [of the right to a jury trial] can become effective.") (internal quotation marks and citation omitted).

*Id.* Instead of the "express and intelligent" standard of waiver advanced by Cheesman, the State asserts that the applicable standard is found in *Brady v. United States*, where the Court held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." 397 U.S. 742, 748 (1970). However, because we find the record sufficient to support either, we need not decide exactly which standard is necessary to satisfy the Sixth Amendment. *See Jean-Baptiste v. State,* 82 N.E.3d 878, 878 (Ind. 2017) (noting "our longstanding principle of constitutional avoidance").

[21] Here, at her initial hearing and with the benefit of counsel, Cheesman signed an Acknowledgement of Rights form explaining that:

> 4. (For Misdemeanor cases only) If you wish to exercise your right to trial by jury, you must file a written demand for a jury trial. *You must file this written demand no later than ten (10) days before your first scheduled trial date.* If you fail to file a written demand, or if you file a written demand but you file it late, you give up your jury trial right, permanently. If you give up your jury trial right, you will have no say about whether it will be a jury or a judge who hears the evidence at your trial and determines whether the State of Indiana proves your guilt beyond a reasonable doubt.

Appellant's App., Vol. II at 14 (emphasis added). Thus, Cheesman was clearly advised of her jury trial right and the consequences of failing to make a timely

demand. *See Levels v. State,* 972 N.E.2d 972, 973-74 (Ind. Ct. App. 2012) (noting that a jury trial waiver is not valid unless the trial court advises a defendant of the consequences of his failure to demand a jury trial no later than ten days prior to the trial date).

[22] After being clearly advised of the consequences thereof, Cheesman failed to file a demand for a jury trial until nearly four months after the deadline. As we have previously explained, "[t]he right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22." *Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013). And, in *Greene v. State*, we held that:

> a defendant charged with a misdemeanor who fails to make a timely request waives the right to trial by jury if he has been advised in a timely manner of both the right to jury trial and the consequences of failing to make a timely demand. The defendant's waiver, however, must be voluntary, knowing, intelligent, and personal.

670 N.E.2d 38, 39 (Ind. Ct. App. 1996) (citations omitted), *trans. denied*; *but see Martinez,* 82 N.E.3d at 265 (holding that *personal* waiver of the jury trial right is not required). "Thus, when charged with a misdemeanor, a defendant can waive her right to a jury trial by failing to make a timely demand for trial by jury." *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012).

[23] To the extent Cheesman now argues that she never "expressly" waived her Sixth Amendment trial by jury right, her argument leaves us unconvinced. Although Cheesman explains the meaning of "express" as "clearly and

unmistakably stated[,]" Appellant's Br. at 10 (quoting *Daubert v. NRA Group, LLC*, 861 F.3d 382, 389 (3rd Cir. 2017)), she fails to apply the standard to the facts presented here by explaining how exactly her actions were constitutionally inadequate, or what exactly is necessary to expressly waive her Sixth Amendment trial by jury right. The Seventh Circuit explained:

> the sole constitutional requirement is that the waiver be voluntary, knowing, and intelligent. The colloquy and the written waiver serve to document these qualities, but a jury waiver may be valid despite their absence. So long as the defendant had a "concrete understanding" of his right to a jury trial, his waiver is valid.

*U.S. v. Williams*, 559 F.3d 607, 610 (7th Cir. 2009), *cert. denied,* 558 U.S. 1147 (2010) (citations omitted).

[24] Here, it is undisputed that Cheesman had a "concrete understanding" of her right to a jury trial; she signed a form clearly advising her of such right and warning her of the procedural effects of Criminal Rule 22. Thus, Cheesman was aware of what she had to do and when she had to do it—she simply did not follow proper procedure. Moreover, we note that the specific language from *Patton* states that waiver requires the "express and intelligent consent of the defendant." 281 U.S. at 312. We view Cheesman's signature on the Acknowledgement of Rights form and her subsequent failure to file a demand for a jury trial as reflecting her express and intelligent consent—especially considering that she now offers no argument to the contrary. Therefore, we

conclude Cheesman effectively waived her right to a jury trial pursuant to the Sixth Amendment.

## Conclusion

[25] In light of Cheesman's advisement of her right to jury trial, her acknowledgment thereof, and her failure to request a jury trial within the time period allotted by Criminal Rule 22, we conclude Cheesman effectively waived her right to a jury trial pursuant to the Sixth Amendment.

[26] Affirmed.

Vaidik, C.J., and Altice, J., concur.