## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 14 2019, 7:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mohamed M. Dadouch,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 14, 2019<br><br>Court of Appeals Case No.<br>18A-CR-745<br><br>Appeal from the Knox Superior Court<br><br>The Hon. Ryan S. Johanningsmeier, Judge<br><br>Trial Court Cause No.<br>42D02-1706-CM-477 |

**Bradford, Judge.**

# Case Summary

[1] Mohamed Dadouch and his wife R.D. had a disagreement about whether to discipline their child Z.D. Dadouch wished to leave with Z.D., and when R.D. intervened, he punched her in the mouth and pushed her. Dadouch was tried to the bench and found guilty of Class A misdemeanor domestic battery. Dadouch claims that he did not validly waive his right to be tried by a jury and that the State produced insufficient evidence to sustain his conviction. Because we disagree, we affirm.

# Facts and Procedural History

[2] On June 11, 2017, Dadouch was playing outside with his son Z.D. in Oaktown when Z.D. screamed as though he were being hurt. R.D., Dadouch's wife and Z.D.'s mother, told Z.D. that he should not scream like that, which upset Dadouch. A short while later, Dadouch, who was still outside and angry, wished to leave with Z.D., who had come inside. R.D. told Z.D. that he could not go, which further upset Dadouch. Dadouch attempted to push by R.D., who was standing in the doorway, and punched her in the mouth, causing her injury. R.D. also had a mark on her neck that occurred when Dadouch was attempting to push by her. Knox County Sheriff's Deputy Justin McBee was dispatched to the scene and noticed that R.D. had a swollen mouth and that her neck was red. Dadouch admitted to Deputy McBee that he had touched and pushed R.D.

[3]     On June 14, 2017, the State charged Dadouch with Class A misdemeanor domestic battery. Dadouch hired his own counsel and appeared with his attorney at an initial hearing on June 21, 2017. That day, Dadouch signed an advisement-of-rights form provided by the trial court, which provided, in part, as follows: "You have a right to have a trial and for that trial to be public, speedy, and by jury. This right to a jury trial can be lost if you do not meet certain deadlines" Appellant's App. Vol. II p. 18. On November 21, 2017, Dadouch was arrested for failing to appear and signed a second advisement-of-rights form, which contained the following: "For a criminal charge, you have the right to have a trial and for that trial to be public, speedy, and by a jury. In a misdemeanor case, you must request in writing a jury trial." Appellant's App. Vol. III p. 3.

[4]     On December 11, 2017, less than a week before Dadouch's trial was set to begin, he moved for a continuance because, *inter alia*, he had asked previous counsels to request a jury trial but that no request had been made. Dadouch also requested a jury trial, in which request he claimed that he "is unfamiliar with the court system, speaks English as his second language, and has at times encountered difficulty with effective communication with his previous counsels, leading to their dismissal by Defendant[.]" Appellant's App. Vol. III p. 11. Finally, Dadouch requested an interpreter.

[5]     The trial court conducted a hearing on Dadouch's requests on December 18, 2017, which would have been Dadouch's trial date. Dadouch argued that his requests for a jury trial had not been filed by his previous attorneys due to a

language barrier. The trial court denied Dadouch's request for a jury trial as untimely but granted the remaining motions. In reaching its decision, the trial court indicated that it was open to reconsideration if Dadouch produced evidence that he had asked previous counsels to request a jury trial but that they had not done so.

[6] On March 19, 2018, Dadouch was tried to the bench. Before trial, Dadouch renewed his request for a jury trial but did not produce any evidence that he had asked his prior counsels to file a jury demand with the trial court. The State reaffirmed its objection, claiming that the request was untimely. The trial court again denied Dadouch's request. The trial court found Dadouch guilty of Class A misdemeanor domestic battery and sentenced him to one year of incarceration, all suspended to probation.

# Discussion and Decision

## I. Denial of Jury Trial

[7] The right to a trial by jury is "a bedrock of our criminal justice system" and is protected both by the Sixth Amendment to the United States Constitution as well as Article 1, section 13, of the Indiana Constitution. *Nunez v. State*, 43 N.E.3d 680, 683 (Ind. Ct. App. 2015). Where a defendant is charged with a misdemeanor, the right to a trial by jury is not self-executing and is controlled by Indiana Rule of Criminal Procedure 22:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a

defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

[8] It is well-established that a defendant in a misdemeanor case waives his right to a jury trial by failing to request a jury trial within the time allotted under Criminal Rule 22. *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012). Any such waiver must be voluntary, knowing, intelligent, and personal. *Cheesman v. State*, 100 N.E.3d 263, 270 (Ind. Ct. App. 2018). A valid waiver may be inferred from the absence of a timely request for a jury trial if the record also indicates that (1) the defendant was advised of his right to a jury trial and the consequences of not filing a timely request for a jury trial, and (2) that the defendant was capable of understanding the advisement. *Hudson v. State*, 109 N.E.3d 1061, 1064 (Ind. Ct. App. 2018).

[9] While there is no dispute that Dadouch's request for a jury trial was untimely, he claims on appeal that he did not intelligently waive his right to be tried by a jury. Specifically, Dadouch claims that he did not understand the two declaration-of-rights forms that he signed or know what a bench trial was before his last trial counsel explained it to him. This is not the same argument Dadouch made in the trial court, however, where he consistently argued that he

had instructed his various trial counsels to request a jury trial but that they had not done so. It is well-settled that "[a] party may not object on one ground at trial and seek reversal on appeal using a different ground." *Malone v. State*, 700 N.E.2d 780, 784 (Ind. 1998). Moreover, Dadouch's trial court argument fatally undercuts his claim on appeal, as it represents an acknowledgment that he was, in fact, fully aware of his right to a jury trial and that a request had to be made in his case. Put another way, Dadouch attempted to assert a right in the trial court which he now claims to have been unaware of at the time. By advancing a new ground for relief on appeal, Dadouch has waived this claim for appellate review, a claim that is without merit in any event.

## II. Sufficiency of the Evidence

[10] Dadouch contends that the State produced insufficient evidence to sustain his conviction for Class A misdemeanor domestic battery. Where, as here, a defendant challenges the sufficiency of the evidence used to convict him of a crime on appeal, this court considers only the probative evidence and reasonable inferences arising therefrom supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). This court will affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012). Put another way, reversal of a defendant's conviction "is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense." *Purvis v. State*, 87 N.E.3d 1119, 1124 (Ind. Ct. App. 2017), *aff'd on reh'g*, 96 N.E.3d 123 (Ind. Ct. App.

2018).  This standard of review does not permit this court to reweigh the evidence nor does it allow the court to judge the credibility of the witnesses who testified below.  *McCallister v. State*, 91 N.E.3d 554, 558 (Ind. 2018).  In cases where there is conflicting evidence in the record, this court considers the evidence in the light most favorable to the trial court's judgment.  *Drane*, 867 N.E.2d at 146.

[11]  Indiana Code section 35-42-2-1.3(a)(1) provides that a defendant is guilty of Class A misdemeanor domestic battery when he touches a family or household member in a rude, insolent, or angry manner.  Under this statute, "[a]ny touching, however slight, may constitute battery."  There is no dispute that R.D. was a member of Dadouch's household.  Dadouch contends that the evidence fails to establish that he touched R.D. in a rude, insolent, or angry manner, or that he possessed the requisite intent to commit a domestic battery.[1]

[12]  The State produced ample evidence to sustain Dadouch's conviction for domestic battery.  R.D. testified that Dadouch punched her in the mouth and pushed her, either one of which would be sufficient to sustain his conviction.  It is well-settled that "[a]ny touching, however slight, may constitute battery." *Impson v. State*, 721 N.E.2d 1275, 1285 (Ind. Ct. App. 2000).  R.D. also testified that Dadouch "pulled back and punched me[,]" which is more than enough to sustain an inference that he touched her intentionally.  Tr. Vol. II p. 83.  In

---

[1]  Dadouch also seems to suggest on appeal that the State failed to disprove a self-defense claim.  Dadouch, however, made no such claim at trial, claiming only that he "really did not strike [R.D.] in any way."  Tr. Vol. II p. 165.

addition, Deputy McBee testified that R.D. had a swollen mouth and that her neck was red and that Dadouch admitted that he had touched and pushed R.D. Dadouch's argument that R.D. was not credible is nothing more than a request to reweigh the evidence, which we will not do. *See McCallister*, 91 N.E.3d at 558.

[13] We affirm the judgment of the trial court.

Bailey, J., and Brown, J., concur.