## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2019, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Katherine A. Newman
Certified Legal Intern

Joel M. Schumm
Indiana University Robert H. McKinney
School of Law, Appellate Clinic

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Eugene Calvin Roach, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | June 25, 2019 <br><br> Court of Appeals Case No. 18A-CR-2531 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Matthew Tandy, Judge Pro Tempore <br><br> Trial Court Cause No. 49G12-1805-CM-15622 |

**Pyle, Judge.**

# Statement of the Case

Eugene Roach ("Roach") appeals his conviction following a bench trial for Class A misdemeanor theft.[1]  He argues that the trial court abused its discretion in denying his motion to continue and that there is insufficient evidence to support his conviction.  Concluding that the trial court did not abuse its discretion and that the evidence is sufficient, we affirm Roach's conviction.

We affirm.

# Issue

1. Whether the trial court abused its discretion when it denied Roach's motion to continue.

2. Whether there is sufficient evidence to support Roach's theft conviction.

# Facts

The facts most favorable to the verdict reveal that the State charged Roach with Class A misdemeanor theft in May 2018.  A few days later, the trial court held an initial hearing where it advised Roach and other defendants as follows:

> You all have the right to a trial by jury.  If it's a felony as your lead charge, it will automatically be set for a jury trial if you request a trial.  However, if it's a misdemeanor, you'll have to specifically request a jury trial.  Otherwise, it will be set just in front of a judge for a bench trial.  So, please know that if you don't file a written request for a jury trial, if your lead charge is a

---

[1] IND. CODE § 35-43-4-2.

> misdemeanor, at least ten (10) days before the first trial setting, you're giving up and waiving your right to a trial by jury, does everyone understand that?

(Tr. Vol. 2 at 7). Roach and others responded that they did.

[2] That same day, Roach signed the following written advisements of rights form:

> You have the right to a trial by jury. If you are charged with a misdemeanor and you wish to have a trial by jury, you must make a request for a jury trial at least ten (10) days prior to your trial setting. If you do not request a jury trial at least ten (10) days prior to your trial setting, you waive your right to a trial by jury. If you want a jury trial, you must make a timely request even if you do not have an attorney.

(App. at 25).

[3] In July 2018, Roach attended a final pretrial conference where the trial court "confirm[ed] a Court trial." (Tr. Vol. 2 at 26). Two months later, on the day of trial, the trial court asked the parties if they were ready to proceed. Roach's counsel responded that Roach was not ready and had advised counsel that he had wanted a jury trial since the beginning of the case. Counsel asked the trial court to continue the trial so that he could file a belated jury trial demand. The trial court denied the motion.

[4] At the September 2018 bench trial, Walmart loss-prevention officer Joshua Downhour ("Downhour") testified that in May 2018, he was monitoring security surveillance cameras when he noticed Roach and a woman enter the liquor department, pick up several bottles of alcohol, and conceal them under

the woman's jacket. Roach and the woman eventually went to the men's clothing department where Roach selected several items of clothing. Roach and the woman walked to the toy department where Downhour watched Roach hand the clothing to the woman, who placed the items into a purse. Roach and the woman then walked to a cash register where Roach made a small purchase but failed to pay for the items concealed under the woman's jacket and in her purse. As soon as Roach and the woman left the store, a police and loss-preventions officer ordered them to stop and escorted them to the store's loss-prevention office where officers found the concealed items.

[5] After hearing testimony, the trial court convicted Roach of Class A misdemeanor theft. Roach now appeals.

# Decision

[6] Roach argues that the trial court abused its discretion when it denied his motion to continue and that there is insufficient evidence to support his conviction. We address each of his contentions in turn.

### 1. Motion to Continue

[7] The gravamen of Roach's first argument is that the trial court abused its discretion when it denied the motion to continue that he made on the day of trial. The grant or denial of a motion to continue is within the trial court's broad discretion. *Tharpe v. State*, 955 N.E.2d 836, 843 (Ind. Ct. App. 2006), *trans. denied*. An abuse of discretion occurs when the ruling is against the logic

and effect of the facts and the circumstances before the court or where the record demonstrates prejudice from the denial of the continuance. *Id.*

[8] Here, Roach requested the motion to continue so that he could file a belated jury trial demand. The right to a jury trial is guaranteed by the Indiana and United States Constitutions. *Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013). However, "[t]he right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Indiana Rule of Criminal Procedure 22." *Id.* Criminal Rule 22 provides as follows:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. *The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury* unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

(emphasis added).

[9] Here, our review of the evidence reveals that, at the initial hearing two months before trial, the trial court orally advised Roach, who was charged with a misdemeanor, that: (1) he had the right to a jury trial; (2) he needed to timely file a request for a jury trial; and (3) he would suffer specific consequences for failing to file such a request. In addition, Roach signed a written advisement that explained his right to a jury trial and the consequences of failing to file a timely demand. Roach also appeared at a pretrial conference where he confirmed that his case was set for a "Court trial" to be held on September 21,

2018.  Despite these advisements, Roach failed to timely demand a jury trial. Under these circumstances, and where the record does not demonstrate prejudice, the trial court did not abuse its discretion in denying Roach's motion to continue trial so that he could file a belated demand for a jury trial.[2]

## 2.  Sufficiency of the Evidence

[10]  Roach argues that there is insufficient evidence to support his conviction for Class A misdemeanor theft.  Specifically, he contends that he "merely accompanied [the woman] on a shopping trip, selected items and handed them to his shopping companion, and paid for all of the items in his cart."  (Roach's Br. at 8).  According to Roach, that the woman "was hiding merchandise under her jacket and in her purse for which she failed to pay does not prove that [] Roach committed theft.  Rather, it is evidence that he is guilty of an unwise choice in a shopping companion."  (Roach's Br. at 8).

[11]  Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict.  *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).  We do not

---

[2] Although Roach challenges the constitutionality of Criminal Rule 22 because it "presumes a waiver through defendant's silence and inaction," he also recognizes that this Court has previously "upheld the constitutionality of Criminal Rule 22 and found that the defendants charged with Class A misdemeanors may 'effectively waive' their right to jury trial through silence and inaction."  (Roach's Br. at 12, 14).  *See Cheesman v. State*, 100 N.E.2d 263, 271 (Ind. Ct. App. 2018) (holding that Cheesman's signature on a form advising her of her right to a jury trial and warning her of the procedural effects of Criminal Rule 22 together with her failure to file a demand for a jury trial resulted in a waiver of Cheesman's right to a jury trial).  *See also Fiandt*, 996 N.E.2d at 424 (holding that Fiandt waived his right to a jury trial where he failed to timely request one).  We decline Roach's invitation to revisit the issue of the constitutionality of Criminal Rule 22 and the law set forth in these cases.

reweigh the evidence or judge witness credibility. *Id*. We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id*. at 147.

[12] In order to convict Roach of Class A misdemeanor theft, the State had the burden to prove beyond a reasonable doubt that Roach knowingly or intentionally exercised unauthorized control over Walmart's property with the intent to deprive Walmart of any part of its value. *See* I.C. § 35-43-4-2. In addition, pursuant to the accomplice liability statute, INDIANA CODE § 35-41-2-4, a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. In determining whether a person aided another person in the commission of a crime, we consider: (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) defendant's conduct before, during, and after the occurrence of the crime. *Woods v. State*, 963 N.E.2d 632, 634 (Ind. Ct. App. 2012). Furthermore, while the defendant's presence at the scene of a crime or his failure to oppose the crime alone are insufficient to establish accomplice liability, they may be considered along with the above-mentioned factors to determine participation. *Wieland v. State*, 736 N.E.2d 1198, 1202 (Ind. 2000).

[13] Here, our review of the evidence reveals that Roach was present during the theft. He entered Walmart with the woman and they walked together to the liquor department where they picked up several bottles of alcohol and placed

them under the woman's jacket. They eventually went to the men's clothing department together where Roach selected several items of clothing. Roach and the woman walked to the toy department together and Roach handed the clothing to the woman, who placed the items in her purse. At no point did Roach extricate himself from the situation, dissociate himself from the woman, or otherwise oppose the crime. Roach made a small purchase but failed to pay for the items that he had helped conceal in the woman's jacket and purse. Roach and the woman left Walmart together and were stopped by police and loss-preventions officers. This evidence is sufficient to establish that Roach knowingly took concerted action to participate in the crime of theft as an accomplice. Accordingly, the evidence is sufficient to support Roach's Class A felony theft conviction.

[14] Affirmed.

Riley, J., and Bailey, J., concur.