## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 05 2018, 7:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shon L. Hudson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 5, 2018 <br><br> Court of Appeals Case No. <br> 49A02-1712-CR-2903 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David Certo, Judge <br><br> Trial Court Cause No. <br> 49G12-1701-CM-3057 |

**Altice, Judge.**

### Case Summary

[1] Following a bench trial, Shon Hudson was convicted of battery resulting in bodily injury as a Class A misdemeanor. The sole issue he raises on appeal is whether he knowingly waived his right to a jury trial.

[2] We reverse and remand.

## Facts & Procedural History

[3] On January 23, 2017, the State charged Hudson with battery resulting in bodily injury as a Class A misdemeanor. At the initial hearing, the trial court explained to Hudson his rights, including that he had "*the right to a public and speedy trial, by a jury if you want one*." *Supplemental Transcript Vol. 2* at 4-5 (emphasis supplied). Over the next couple of months, Hudson, represented by a public defender, appeared before the trial court for several, brief hearings, during which the court offered no additional advisements about Hudson's right to a jury trial or the procedural requirements of Ind. Crim. Rule 22 (Rule 22). A hearing scheduled for August 15, 2017, was continued, and an "off record request form," signed by the State and defense counsel but not Hudson, was submitted to the court. The form noted that the reason for the continuance was that the matter was to be "set for BT," and a bench trial was requested to be set for September 12, 2017. *Appellant's Appendix Vol. II* at 52. The trial court set the matter for a bench trial as requested. On the State's motion, the bench trial was rescheduled for November 21, 2017.

[4] Before the bench trial began, Hudson expressed his dissatisfaction with his public defender and indicated that he thought the matter was set for a jury trial. Hudson explained:

> I'm not ready to go to court, I mean, I'm not ready to go to trial today, sir. My public defender hasn't did [sic] his job. … Why I'm concerned about this case, Your Honor, is it was an incident going on where I had another public defender who was supposed to set my trial for a jury trial. I get a new public defender, I got a bench trial.

*Transcript Vol. 2* at 4. Hudson continued asserting complaints about his public defender and then reiterated, "I thought we were going . . . to jury trial. I've never been to a bench trial." *Id*. at 6. The trial court addressed Hudson's comments, stating "I don't have any options. This is our date for trial. Everybody is here for trial that I'm aware of. We're going to proceed." *Id*. at 8. The trial court assured Hudson that the bench trial would be done "fully and fairly." *Id*. The court then moved forward with the bench trial and found Hudson guilty as charged. The court sentenced Hudson to 365 days incarceration with 359 days suspended to probation. Hudson now appeals. Additional evidence will be provided as necessary.

## Discussion & Decision

[5] Hudson argues that he did not knowingly waive his right to a misdemeanor jury trial because he was never advised of the need to demand a jury trial in writing at least ten days before the scheduled trial date or of the consequences of failing to do so. The State argues that the trial court was not required to give formal

notice of the procedural requirements set forth in Rule 22 before a valid waiver of a jury trial can occur.

[6] The right to a jury trial is guaranteed by both Article 1, Section 13 of the Indiana Constitution and the Sixth Amendment of the United States Constitution. *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012). While the Constitution does not differentiate between felonies and misdemeanors, in Indiana the procedure for asserting the right to a jury trial in misdemeanor cases is controlled by Rule 22, which provides, in relevant part:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

"'Thus, when charged with a misdemeanor, a defendant can waive [his or] her right to a jury trial by failing to make a timely demand for trial by jury.'" *Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013) (quoting *Young*, 973 N.E.2d at 645).

[7] As this court has observed, "[t]he right to a jury trial is a fundamental right, and while the manner of preserving the right [in a misdemeanor case] is controlled by [Rule] 22, it is not diminished." *Duncan v. State*, 975 N.E.2d 838, 842 (Ind. Ct. App. 2012). Indeed, it remains that even though a defendant charged with a

misdemeanor can waive his right to a jury trial by inaction, it must also be shown that the waiver was "made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences." *Doughty v. State*, 470 N.E.2d 69, 70 (Ind. 1984); *see also Patton v. United States*, 281 U.S. 276, 312 (1930) (holding that, before the constitutional right to a jury may be waived, the "express and intelligent consent of the defendant" must be obtained).

[8] In order to establish a valid waiver in a misdemeanor case, the record is sufficient if

> 1) it does not contain a request for a trial by jury; 2) it evidences that the defendant was fully advised of the right to a trial by jury and of the consequences for failing to timely request the right; and 3) it reflects that the defendant was able to understand the advice.

*Eldridge v. State*, 627 N.E.2d 844 (Ind. Ct. App. 1994), *trans. denied*. It is in this context of a knowing waiver that this court has held that "'[a] valid waiver cannot be made pursuant to [Rule] 22 in the absence of an advisement by the trial court of the consequences of a failure to demand a trial by jury not later than ten days prior to the trial date.'" *Hanna–Womack v. State*, 623 N.E.2d 439, 440 (Ind. Ct. App. 1993) (*quoting Vukadinovich v. State*, 529 N.E.2d 837, 839 (Ind. Ct. App. 1988)); *see also Fiandt*, 996 N.E.2d 421; *Levels v. State*, 972 N.E.2d 972 (Ind. Ct. App. 2012).

[9] In *Duncan*, this court squarely addressed the issue presented herein. In that case the defendant was charged with thirteen Class A misdemeanors. At his initial hearing, the defendant appeared pro se and the trial court advised him of his right to a jury trial but did not mention the requirement to timely request a jury trial if desired or the consequences of failing to do so. The defendant was represented by counsel at subsequent hearings. The record did not suggest that the defendant was ever informed of the requirements for requesting a jury trial or the consequences of failing to do so. There was also nothing in the record indicating that the defendant ever requested a jury trial, timely or otherwise. Following a bench trial, the defendant was found guilty of six misdemeanor offenses. On appeal, the defendant argued that he did not knowingly waive his right to a jury trial.

[10] This court rejected the State's argument that it could be inferred that the defendant was adequately informed of his rights to a jury trial and the procedure for asserting such right because he was represented by counsel. We explained that "[b]ecause the right to a jury trial is a fundamental right, we cannot assume from a silent record that [the defendant] was informed by his counsel." *Duncan*, 975 N.E.2d at 843; *see also Bex v. State,* 952 N.E.2d 347, 349 (Ind. Ct. App. 2011) (noting as an initial matter that a represented defendant was not fully informed), *trans. denied; Hanna-Womack*, 623 N.E.2d at 440 (noting that the defendant was not fully informed by the court and that there was also no indication that she was informed by her counsel).

The *Duncan* court also rejected the State's argument that the matter should not be reversed because the defendant was not prejudiced, finding that the relevant inquiry was whether the defendant was adequately informed, not whether he was prejudiced. The court further noted that a violation of the right to trial by jury constitutes fundamental error, and thus, is not subject to harmless error analysis. 975 N.E.2d at 844 (citing *Eldridge*, 627 N.E.2d at 849).

The *Duncan* court also considered the State's argument that reversal was not required because there was no indication that the defendant ever wanted, requested, or was denied a jury trial. The court noted that "it does not matter whether the defendant requested a jury trial." *Id*. at 844 (citing *Casselman v. State*, 472 N.E.2d 1310, 1311 n.1 (Ind. Ct. App. 1985)).[1] Although the court agreed with the State that it was possible the defendant went along with a bench trial and never requested a jury trial and only raised the issue on appeal because he wanted a new trial, the court nevertheless felt "obliged to find that [the defendant] did not waive his right to a jury trial. He was not able to meet the 'knowing' requirement of a valid waiver because he was not adequately

---

[1] The *Casselman* court rejected the State's argument that no error was committed because the defendant failed to demand a trial by jury in writing as required by Rule 22, finding the argument "specious." 472 N.E.2d at 1311 n.1. The State points out that the *Casselman* court did not make a holding on this issue, but rather its observations in this regard were *dicta*. We agree. Nevertheless, the *Duncan* court did not rely only on this comment by the *Casselman* court, but rather supported its conclusion that the defendant did not meet the knowing requirement of a valid waiver with citations to other cases adopting that analysis. *See Levels*, 972 N.E.2d 972; *Vukadinovich*, 529 N.E.2d 837.

informed of his rights and obligations as set out in Criminal Rule 22." *Id*. The court thus remanded the case for a jury trial.

[13] Here, the record reveals, and the State does not assert otherwise, that the trial court failed to advise Hudson of the consequences of failing to demand a jury trial or of the specific requirements for making such a demand. There is also no indication that Hudson ever formally requested a jury trial. The fact that Hudson was represented by counsel does not give rise to a presumption that Hudson was advised about the procedural requirements of Rule 22. As in *Duncan*, we find that Hudson has established that his waiver of his right to a misdemeanor jury trial was not knowing and is therefore invalid; we must therefore remand this case for a jury trial. *See also Levels*, 972 N.E.2d at 974 (holding that "[b]ecause the advisement [of the right to a misdemeanor jury trial] was insufficient, there was no valid waiver of a jury trial").

Judgment reversed and remanded.

Najam, J. and Robb, J., concur.