## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2019, 10:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bomani Marsh, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | January 29, 2019 <br><br> Court of Appeals Case No. 18A-CR-835 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David Hooper, Magistrate <br><br> Trial Court Cause No. 49G02-1701-CM-3159 |

**Brown, Judge.**

[1]     Bomani Marsh appeals his misdemeanor convictions for carrying a handgun without a license and operating a motor vehicle without ever receiving a license. Marsh raises one issue which we revise and restate as whether he knowingly, intelligently, and voluntarily waived his right to a jury trial. We affirm.

## Facts and Procedural History

[2]     On January 24, 2017, the State charged Marsh with: Count I, carrying a handgun without a license as a class A misdemeanor; and Count II, operating a motor vehicle without ever receiving a license as a class C misdemeanor. On January 31, 2017, the court held an initial hearing at which it advised Marsh of certain rights and stated in part that "in a criminal case you are entitled to a variety of rights, including the right to a public and speedy trial, by a jury if you want one . . . ." Supplemental Transcript Volume 2, Filed November 15, 2018, at 4. The court also appointed a public defender, attorney Lauren Rodriguez, to represent Marsh and scheduled a hearing for April 4, 2017.

[3]     On April 4, 2017, the court held a pretrial conference at which Marsh appeared in person and by counsel, attorney Rodriguez. The court stated: "Show the defendant appears in person and by Ms. Rodriguez. The matter comes before the court today for pretrial. Ms. Rodriguez?" Supplemental Transcript Volume 1, Filed August 22, 2018, at 16. Defense counsel Rodriguez then stated: "Yes, Judge. We're requesting a bench trial with a final pretrial two weeks before. I do - hold on. Sorry. We are requesting a bench trial be set in August, if that's

okay with the court." *Id.* The court scheduled a final pretrial conference for August 9, 2017, and a bench trial for August 23, 2017. On August 9, 2017, the court held a pretrial conference, scheduled a change of plea hearing for October 4, 2017, and rescheduled the bench trial for January 10, 2018. On January 3, 2018, at the State's request, the court rescheduled the bench trial for February 22, 2018. On February 22, 2018, the court conducted a bench trial at which Marsh testified and found Marsh guilty on Counts I and II. The court sentenced Marsh to concurrent terms of 365 days on Count I and sixty days on Count II all suspended except for time served.

## *Discussion*

[4] The issue is whether Marsh knowingly, intelligently, and voluntarily waived his right to a jury trial. The right to a jury trial is guaranteed by the Indiana and United States Constitutions. *Fiandt v. State*, 996 N.E.2d 421, 423 (Ind. Ct. App. 2013) (citing *Young v. State*, 973 N.E.2d 643, 645 (Ind. Ct. App. 2012)). The right to a jury trial in misdemeanor cases is not self-executing, but is controlled by Ind. Criminal Rule 22. *Id.* (citing *Young*, 973 N.E.2d at 645). Criminal Rule 22 provides in part:

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.

> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

"Thus, when charged with a misdemeanor, a defendant can waive [his or] her right to a jury trial by failing to make a timely demand for trial by jury." *Fiandt*, 996 N.E.2d at 423 (citing *Young*, 973 N.E.2d at 645). *See Hutchins v. State*, 493 N.E.2d 444, 445 (Ind. 1986) ("One charged with a misdemeanor has no right to a jury trial pursuant to Criminal Rule 22 unless he makes a written demand for it. . . . Thus, a misdemeanant can waive a jury trial by failing to request it. More protection is given to one charged with a felony in that he has an automatic right to a jury trial unless he expressly waives it."). While a defendant charged with a misdemeanor can therefore waive his right to a jury trial by inaction, the waiver must nonetheless be knowing, voluntary, and intelligent. *Duncan v. State*, 975 N.E.2d 838, 842 (Ind. Ct. App. 2012). On appeal, we consider the entire record to determine whether the defendant has made a voluntary, knowing, and intelligent waiver. *Id*.

[5] Marsh argues that the trial court did not advise him of his right to a jury trial or the consequences of failing to make a timely, written demand for a jury trial. He argues that, while the trial court may infer that the accused does not wish to proceed to a jury trial by the accused's decision not to file a timely written demand, the court is not entitled to do so where the accused has not been

advised of the consequences of failing to make such a demand. He requests that we reverse and remand for a new trial. Marsh points to *Hudson v. State*, 109 N.E.3d 1061 (Ind. Ct. App. 2018), in support of his request for a new trial.

[6] The State responds that the trial court did advise Marsh that he was entitled to a jury trial if he wanted but failed to advise him of the requirement that he file a written demand. It argues that Marsh was represented by counsel at the April 4, 2017 hearing, affirmatively requested a bench trial, and in doing so invited any error. The State argues that Marsh was fully aware that he had a right to a jury trial and instead demanded a bench trial, that he did not merely acquiesce to a bench trial by failing to file a timely demand, that there is no suggestion in the record that he wanted or was denied a jury trial, and that it appears he is raising the issue now only because he wants a second chance at trial.

[7] In *Hudson v. State*, the trial court advised the defendant at an initial hearing that he had the right to a trial by a jury if he wanted one. 109 N.E.3d at 1062. Later, a hearing was continued, an "off record request form," which was signed by the State and defense counsel but not the defendant, was submitted to the court, the form noted that the reason for the continuance was that the matter was to be "set for BT," and the trial court set a bench trial. *Id.* at 1062-1063. Before the bench trial began, the defendant expressed his dissatisfaction with his public defender and indicated that he thought the matter was set for a jury trial. *Id.* at 1063 (the defendant stated there "was an incident going on where I had another public defender who was supposed to set my trial for a jury trial. I get a new public defender, I got a bench trial" and "I thought we were going . . . to

jury trial. I've never been to a bench trial"). The trial court stated that it did not have any options and moved forward with the bench trial. *Id.* On appeal, the Court observed that the trial court failed to advise the defendant of the consequences of failing to demand a jury trial or of the specific requirements for making such a demand. *Id.* at 1065. The Court held that the defendant established that his waiver of his right to a misdemeanor jury trial was not knowing, and remanded for a jury trial. *Id.*

[8] In this case, at the initial hearing on January 31, 2017, the trial court advised Marsh that he had "the right to . . . a jury if you want one." Supplemental Transcript Volume 2, Filed November 15, 2018, at 4. Thus, Marsh was advised of his right to a trial by jury. Of course, a more thorough advisement of rights including the necessity to file a written request for a jury trial by the specified deadline would be recommended in all cases. However, the record reveals that the trial was rescheduled several times, that the trial was held on February 22, 2018, and that at no time did Marsh express that he thought he had, or wished to have, a trial by jury. Moreover, unlike in *Hudson*, where the record contained an "off record request" for a continuance to set a bench trial which was not signed by the defendant and the defendant later indicated that he thought the matter was set for a jury trial, the record here reveals that Marsh was present at the April 4, 2017 pretrial hearing during which his defense counsel stated "We're requesting a bench trial with a final pretrial two weeks before" and "We are requesting a bench trial be set in August." Supplemental Transcript Volume 1, Filed August 22, 2018, at 16. Marsh had ample

opportunity to discuss with counsel whether to request a jury trial. Based upon the entire record and under the circumstances, we conclude that reversal is not warranted.

[9] For the foregoing reasons, we affirm Marsh's convictions.

[10] Affirmed.

Bailey, J., and Bradford, J., concur.