



FILED

Jul 16 2019, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CR-404

## Mohamed M. Dadouch,
*Appellant-Defendant,*

—v—

## State of Indiana,
*Appellee-Plaintiff.*

Decided: July 16, 2019

Appeal from the Knox Superior Court, No. 42D02-1706-CM-477
The Honorable Ryan S. Johanningsmeier, Judge

On Petition to Transfer from the Court of Appeals,
No. 18A-CR-745

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

Following a bench trial Mohamed Dadouch was convicted of Class A misdemeanor domestic battery. Dadouch claims he did not validly waive his right to a jury trial. We agree.

After Dadouch was charged with a misdemeanor, he appeared with his own attorney at an initial hearing on June 21, 2017. Dadouch's attorney represented to the court that he had "gone through" Dadouch's constitutional rights with him. (Tr. p. 5.) The judge asked Dadouch,

> Sir, do you understand that you have various constitutional rights? Your attorney said he's gone over those rights to a trial and confront/cross-examine witnesses and your presumption of innocence and proof beyond a reasonable doubt. He says he's covered all of that with you.
>
> I've also been told there are forms over there that talk about your rights, and so what he said is instead of me going on about all of those rights, he will acknowledge that you understand them….
>
> …. Do you understand all of that?"

(*Id.* at 5-6.)

Dadouch answered, "Yes, I am understanding Your Honor." (*Id.* at 6.) The court set a trial date of September 11, 2017. Dadouch signed an advisement of rights form provided by the court. The form stated, "You have the right to have a trial and for that trial to be public, speedy, and by jury. This right to a jury can be lost if you do not meet certain deadlines." (Appellant's App. Vol. II, p. 18.)

On November 21, 2017, the court held a hearing after Dadouch was arrested for failing to appear at a pretrial conference. The court noted the "bench trial date" had been continued three times and remained set for December 18, 2017. (Appellant's App. Vol. III, p. 2.) Also on November 21, 2017, Dadouch signed a second advisement of rights form stating, "For a

criminal charge, you have the right to have a trial and for that trial to be public, speedy, and by jury. In a misdemeanor case, you must request in writing a jury trial." (*Id.* at 3.)

On December 11, 2017, Dadouch filed motions to continue the trial date and set the case for a jury trial. The court denied the request for jury trial as untimely and set the motion to continue for a hearing on December 18, 2017.

At the hearing, Dadouch's counsel argued that Dadouch had asked prior counsel to request a jury trial but no jury demand was filed and there may have been a "communication breakdown" due to a "linguistic barrier." (Tr. p. 39.) The court again denied the request for a jury trial as untimely but the judge added, "Of course, I'm always open to reconsideration if you have some evidence that he strenuously asked counsel to advance that motion for him but counsel failed to do so." (*Id.* at 40.) The court granted Dadouch's request for an interpreter and reset the bench trial date.

At the start of the trial, Dadouch renewed his request for a jury trial. (*Id.* at 63-64.) The court denied the request. At the conclusion of the trial, the court found Dadouch guilty of Class A misdemeanor domestic battery.

Dadouch appealed on grounds including that he did not validly waive his right to a jury trial. The Court of Appeals affirmed the trial court. *Dadouch v. State*, No. 18A-CR-745 (Ind. Ct. App. Mar. 14, 2019).

The right to a jury trial in a criminal case is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution. *Poore v. State*, 681 N.E.2d 204, 206 (Ind. 1997). A defendant's waiver of the right to jury trial "must be made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences." *Doughty v. State*, 470 N.E.2d 69, 70 (Ind. 1984). A defendant charged with a felony has an automatic right to a jury trial and "is presumed not to waive this right unless he affirmatively acts to do so." *Poore*, 681 N.E.2d at 207. By contrast, a defendant charged with a misdemeanor must demand a jury trial and may waive that right by

inaction. The procedure for demanding a jury trial in a misdemeanor case is controlled by Indiana Criminal Procedure Rule 22.

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
>
> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

Ind. Crim. Rule 22.

In a misdemeanor case, a defendant waives the right to a jury trial when the record does not contain a timely request for a jury trial and establishes that the defendant: (1) was advised of the right to a jury trial; (2) had at least fifteen days advance notice of the trial date; (3) was advised of the need to file a written demand for a jury trial at least ten days before the first scheduled trial date and that failure to do so will result in waiver of the right; and (4) understood the advisements. *See Hudson v. State*, 109 N.E.3d 1061, 1064 (Ind. Ct. App. 2018); *Duncan v. State*, 975 N.E.2d 838, 843 (Ind. Ct. App. 2012); *Eldridge v. State*, 627 N.E.2d 844, 848 (Ind Ct. App. 1984), *trans. denied*. A defendant may be advised of his rights during a hearing held on the record or by a written advisement of rights. *Hutchins v. State*, 493 N.E.2d 444, 445 (Ind. 1986); *Duncan*, 975 N.E.2d at 843.

Dadouch signed two advisement of rights forms. The first stated, "You have the right to have a trial and for that trial to be public, speedy, and by jury. This right to a jury can be lost if you do not meet certain deadlines." The second stated, "For a criminal charge, you have the right to have a trial and for that trial to be public, speedy, and by jury. In a misdemeanor case, you must request in writing a jury trial."

By the time Dadouch signed the second form, the deadline to request a jury trial had passed. And regardless, neither form advised Dadouch he had to file a demand for a jury trial within ten days before the first scheduled trial date or that his failure to file a demand within that period would result in the waiver of his right. The first advisement of rights also did not inform Dadouch that his demand for a jury trial had to be in writing. The transcript of the initial hearing includes no mention of Dadouch's right to a jury trial or the requirements of Criminal Rule 22.

The Criminal Benchbook provides an advisement of rights dialogue that clearly sets forth the Rule requirements that the trial judge must make certain the defendant acknowledges and understands. Using the Benchbook in this case would have insured that was done. While it is not required that trial judges use a written advisement of rights form in misdemeanor cases, it is the best practice and we urge all trial judges to incorporate an accurate one into their practices. The very best practice in these cases is to use both a written advisement of rights form together with the dialogue to insure that a reversal does not occur.

Based on this record, we hold that Dadouch did not validly waive his right to a jury trial. We grant transfer, thereby vacating the Court of Appeals opinion, s*ee* Ind. Appellate Rule 58(A), and reverse Dadouch's conviction. Because we agree with the Court of Appeals that the evidence was sufficient to support the conviction, the State is free to retry Dadouch.

All Justices concur.

ATTORNEY FOR APPELLANT
Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana