## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 28 2019, 8:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Daniel Hageman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Barry Allen Montgomery, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | October 28, 2019 <br><br> Court of Appeals Case No. 19A-CR-430 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Clayton Graham, Judge <br><br> Trial Court Cause No. 49G07-1806-CM-18556 |

**Tavitas, Judge.**

## Case Summary

Barry Montgomery appeals his conviction following a bench trial for false informing, a Class A misdemeanor. We reverse and remand.

## Issue

Montgomery raises two issues on appeal; however, we find one to be dispositive: whether Montgomery knowingly, voluntarily, and intelligently waived his right to a jury trial.[1]

## Facts

On June 10, 2018, Montgomery was charged with false informing, a Class A misdemeanor, due to a 911 call in which Montgomery was alleged to have reported false information. In the call, Montgomery reported that his ex-girlfriend stabbed her new boyfriend, which resulted in many law enforcement and emergency medical personnel rushing to the scene. The Indianapolis Police Department officers determined the information Montgomery provided was false.

On July 2, 2018, a courtroom minute sheet indicates that Montgomery had an initial hearing and that an "Advisement of Rights [was] Conducted."

---

[1] As we find this issue dispositive, we decline to address Montgomery's other argument regarding the sufficiency of the evidence.

Appellant's App. Vol. II p. 32. The transcript from this July 2, 2018, hearing

provides that the trial court's advisement of rights was as follows:

> Sir, you have a right and a duty to retain counsel within ten days
> after today's hearing date because of certain deadlines for filing
> motions and raising defenses. You also have the right to a public
> trial, privilege against self-incrimination. At this time the Court
> is going to enter a preliminary plea of not guilty, and that will
> become a formal plea of not guilty within ten days after today's
> hearing date, unless you decide to enter a contrary plea.

Supp. Tr. Vol. II p. 5. There was no discussion regarding Montgomery's right

to a jury trial.

The trial court set the matter for a bench trial, which was held on January 28,

2019. The trial court found Montgomery guilty of false reporting, a Class A

misdemeanor. The trial court immediately thereafter held a sentencing hearing,

and Montgomery was sentenced to 365 days in the Marion County Jail, with

four days credit for time already served, and 361 days suspended. Montgomery

now appeals.

## Analysis

Montgomery argues that he did not knowingly, voluntarily and intentionally

waive his right to a trial by jury. We review questions of law de novo. *See*

*Horton v. State,* 51 N.E.3d 1154, 1157 (Ind. 2016).

> The right to a jury trial in a criminal case is a fundamental right
> guaranteed by the Sixth Amendment to the United States
> Constitution and Article 1, Section 13 of the Indiana

Constitution. . . . A defendant's waiver of the right to jury trial "must be made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences." . . . A defendant charged with a felony has an automatic right to a jury trial and "is presumed not to waive this right unless he affirmatively acts to do so." . . . By contrast, a defendant charged with a misdemeanor must demand a jury trial and may waive that right by inaction. The procedure for demanding a jury trial in a misdemeanor case is controlled by Indiana Criminal Procedure Rule 22.

\* \* \* \* \*

In a misdemeanor case, a defendant waives the right to a jury trial when the record does not contain a timely request for a jury trial and establishes that the defendant: (1) was advised of the right to a jury trial; (2) had at least fifteen days advance notice of the trial date; (3) was advised of the need to file a written demand for a jury trial at least ten days before the first scheduled trial date and that failure to do so will result in waiver of the right; and (4) understood the advisements. . . .

*Dadouch v. State*, 126 N.E.3d 802, 804 (Ind. 2019) (internal citations omitted).

*See Horton,* 51 N.E.3d 1154 (finding that the jury trial right "is a bedrock of our criminal justice system. . . ."). "A defendant may be advised of his rights in multiple ways." *Duncan v. State,* 975 N.E.2d 838, 843 (Ind. Ct. App. 2012). "The court can orally inform him of his rights, . . .; the defendant can be given a written advisement, . . . ; his counsel, on the record, can inform him of his rights and question his understanding of them, . . . ; or the defendant can sign a written waiver and file it in open court. . . ." *Id.* (internal citations omitted).

[7] The transcripts from Montgomery's initial hearing and subsequent hearings do not indicate that Montgomery was, at any point, advised of his right to a jury trial or advised of the need to file a written demand for a jury trial. Moreover, the State, in its brief, concedes that, "under existing precedent, Montgomery did not waive his right to a jury trial." Appellee's Br. p. 10. Montgomery has met his burden that his constitutional rights were violated, and the State concedes. Accordingly, we reverse and remand for a jury trial. *See, e.g., Hudson v. State,* 109 N.E.3d 1061, 1065 (Ind. Ct. App. 2018) (reversing and remanding for a jury trial where the defendant did not knowingly waive his right to a misdemeanor jury trial).

## Conclusion

[8] Pursuant to our review and the State's concession that Montgomery did not knowingly, voluntarily, and intelligently waive his right to a jury trial, we reverse and remand.

[9] Reversed and remanded.

Brown, J., and Altice, J., concur.