

**FILED**

Jul 16 2020, 9:55 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason Wiley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 16, 2020<br><br>Court of Appeals Case No.<br>19A-CR-3062<br><br>Appeal from the Pulaski Superior Court<br><br>The Honorable Crystal Kocher, Judge<br><br>Trial Court Cause No.<br>66D01-1709-CM-397 |

**Altice, Judge.**

## Case Summary

[1]     Following a bench trial, Jason Wiley was convicted of Class B misdemeanor operating a motor vehicle without an ignition interlock device and Class C

misdemeanor violation of driving conditions. On appeal, Wiley argues that he was denied his right to a jury trial.

[2] We reverse and remand.

## Facts & Procedural History

[3] In October 2016, Wiley was granted specialized driving privileges for a period of three years by the White Superior Court. Among other restrictions, Wiley was required to "operate a vehicle that is equipped with a certified ignition interlock device" and to carry on his person or in the vehicle he is operating the order for specialized driving privileges and to produce such upon the request of a law enforcement officer. *Exhibits Vol. 3* at 5.

[4] On September 5, 2017, Deputy Tanner Prentice of the Pulaski County Sheriff's Department was on patrol when he observed a car drive left of center and then back into its lane of travel. Deputy Prentice initiated a traffic stop and found Wiley to be the driver of the vehicle. Deputy Prentice ran Wiley's driver's license information and was advised that Wiley had a conditional license. When questioned, Wiley explained to Deputy Prentice that he was driving his girlfriend's car, that he was on his way to pick up his daughter from the school nurse, and that his girlfriend was driving his truck to move items from a storage unit. The car Wiley was driving did not have an ignition interlock device, nor was Wiley carrying a copy of the order for specialized driving privileges.

[5] On September 27, 2017, the State charged Wiley with operating a motor vehicle without an ignition interlock device, a Class B misdemeanor, and violation of

driving conditions, a Class C misdemeanor. An initial hearing was held January 5, 2018, during which Wiley submitted a signed advice of rights form that included the following advisement:

> If you are charged with a misdemeanor you may demand a trial by jury by filing a written demand therefor no later than ten (10) days before your first scheduled trial date. Your failure to demand a trial by jury as required by this rule, shall constitute a waiver of trial by jury unless the defendant has not had at least 15 days advanced notice of scheduled trial date and of the consequences of failure to demand a trial by jury.

*Appendix Vol.* 2 at 29. During a February 26, 2018 pretrial conference before Judge Crystal Kocher, Wiley's appointed counsel orally requested a jury trial. The trial court set the matter for a jury trial on November 13, 2018. The jury trial was confirmed at a pretrial conference on October 22, 2018.

Wiley appeared on November 13 for the scheduled jury trial. Before the jury was called, Wiley complained that his trial counsel was not acting in his best interest. He requested the withdrawal of appointed counsel and a continuance to subpoena witnesses. The following exchange then occurred:

> THE COURT: Let me ask this; at what point in time, did the parties agree that this would be a Jury Trial today previously?
>
> [THE STATE]: Was there a demand filed?
>
> [DEFENSE COUNSEL]: Yeah, I filed a demand.
>
> THE COURT: You filed a demand for trial.

[DEFENSE COUNSEL]: When I entered my appearance, your honor.

THE COURT: Okay. I'm not seeing that. Do you recall the date you did that?

[DEFENSE COUNSEL]: Well, I entered my appearance on January 13th.

[THE STATE]: Well, I know on 2-26, at the Pretrial, the State had made an offer, and my notes indicate that he rejected my offer and was requesting a Jury Trial that date, so maybe it was in February?

[WILEY]: I will reiterate that. I believe that is correct.

THE COURT: I am sorry?

[WILEY]: I believe that is correct.

THE COURT: That is correct.

[THE STATE]: And so, I think it was before the omnibus date, so it would have been on file.

*Transcript Vol. 2* at 15. The trial court then explained to Wiley the costs associated with having assembled a jury pool. After Wiley agreed to pay those

costs,[1] the trial court permitted Wiley's counsel to withdraw and reset the jury trial for May 6, 2019, which was subsequently rescheduled to May 21, 2019. Wiley, pro se, appeared for a status hearing on April 29, 2019, before Senior Judge Michael Shurn. During the hearing, the State moved to strike the jury trial and set the matter for a bench trial for the reason that Wiley was charged with only misdemeanors and he had never filed a written request for a jury trial as required by the trial rules. Over Wiley's objection, Senior Judge Shurn granted the State's motion, stating:

> So I am going to strike the jury trial, and it is going to be a bench trial in front of the judge alone. It will be brought to her attention. I am just filling in for her today at the last moment, and if she wishes to reverse that decision, then she, then she will do that, and you will be notified, so at this point in time, you have a bench trial, which means it is in front of the judge alone.

*Id.* at 34. At the close of the hearing, the court confirmed the "jury trial"[2] for May 21, 2019. *Id.* at 35.

[7] Wiley, pro se, appeared on May 21, 2019, objected to the bench trial, and reasserted his desire for a jury trial. Judge Kocher noted that Wiley had not filed anything with the court since the court struck the jury trial setting for lack of a written demand. In response to the court's inquiry as to lack of a written

---

[1] Wiley was ordered to pay $371.64 to cover the amount expended to have a jury pool present for the originally scheduled November trial date.

[2] Given the substance of the hearing, the trial court clearly misspoke when confirming the matter for a "jury trial". *Id.* at 35.

demand, Wiley stated: "I, I have it in writing from you guys, saying that we were going to have a jury trial on a certain date, I didn't know I needed to put anything else in writing." *Id*. at 49. Wiley argued that the court's repeated settings of jury trials led him to believe that his counsel had done all that was required to ensure he received a jury trial. The court overruled Wiley's objection and proceeded with a bench trial. At the conclusion of the evidence, during which Wiley admitted to the charged offenses but offered extenuating circumstances as his defense, the trial court took the matter under advisement. On August 9, 2019, the court held a hearing and found Wiley guilty as charged. The court withheld judgment of conviction and referred Wiley to the Veteran's Treatment Court.

[8] On October 11, 2019, after two months in the Veteran's Treatment Court, Wiley moved to terminate his enrollment. The court granted his request and entered judgment of conviction for the two misdemeanor offenses. At a November 26, 2019 sentencing hearing, the court sentenced Wiley to 180 days with 60 days executed (time served), 120 days suspended, and 305 days of supervised probation for the Class B misdemeanor and a concurrent term of 60 days executed for the Class C misdemeanor. Wiley now appeals.

## Discussion & Decision

[9] Wiley argues that he was denied his right to a jury trial. The right to a jury trial in a criminal case is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution and Article 1, Section 13 of the Indiana Constitution. *Poore v. State*, 681 N.E.2d 204, 206 (Ind. 1997). A defendant's

waiver of the right to a jury trial "must be made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences." *Hudson v. State*, 109 N.E.3d 1061, 1063-64 (Ind. Ct. App. 2018) (quoting *Doughty v. State*, 470 N.E.2d 69, 70 (Ind. 1984)).

[10] A defendant charged with a felony has an automatic right to a jury trial and "is presumed not to waive this right unless he affirmatively acts to do so." *Poore*, 681 N.E.2d at 207. By contrast, a defendant charged with a misdemeanor must demand a jury trial and may waive that right by inaction. *Id*. The procedure for demanding a jury trial in a misdemeanor case is controlled by Ind. Criminal Procedure Rule 22.

> A defendant charged with a misdemeanor may demand trial by jury by filing a written demand therefor not later than ten (10) days before his first scheduled trial date. The failure of a defendant to demand a trial by jury as required by this rule shall constitute a waiver by him of trial by jury unless the defendant has not had at least fifteen (15) days advance notice of his scheduled trial date and of the consequences of his failure to demand a trial by jury.
>
> The trial court shall not grant a demand for a trial by jury filed after the time fixed has elapsed except upon the written agreement of the state and defendant, which agreement shall be filed with the court and made a part of the record. If such agreement is filed, then the trial court may, in its discretion, grant a trial by jury.

Crim. R. 22.

[11] In a misdemeanor case, therefore, a defendant waives the right to a jury trial when the record does not contain a timely written request for a jury trial and establishes that the defendant: (1) was advised of the right to a jury trial; (2) had at least fifteen days advance notice of the trial date; (3) was advised of the need to file a written demand for a jury trial at least ten days before the first scheduled trial date and that failure to do so will result in waiver of the right; and (4) understood the advisements. *Dadouch v. State*, 126 N.E.3d 802, 804 (Ind. 2019) (citing *Hudson v. State*, 109 N.E.3d 1061, 1064 (Ind. Ct. App. 2018)); *Duncan v. State*, 975 N.E.2d 838, 843 (Ind. Ct. App. 2012); *Eldridge v. State*, 627 N.E.2d 844, 848 (Ind Ct. App. 1994), *trans. denied*. A defendant may be advised of his rights during a hearing held on the record or by a written advisement of rights. *Id*.

[12] Wiley acknowledges that he was advised of his right to a jury trial and the procedural effects if a request for a jury trial was not made timely and in writing. Notwithstanding, Wiley argues that given the circumstances, he did not knowingly waive his right to a jury trial. We agree.

[13] Here, Wiley has consistently asserted his desire for a jury. Consistent therewith, his trial counsel made an oral request for a jury trial during the first pretrial hearing and later indicated that he had filed a written request for a jury trial along with appearance on behalf of Wiley. After a brief inquiry was made about the existence of a written request, the trial court set the matter for a jury trial. The jury trial setting was confirmed at a final pretrial conference. Wiley appeared for the scheduled jury trial, but in exchange for his agreement to pay

the expenses of the jury pool, the court permitted Wiley's counsel to withdraw and granted Wiley's request for a continuance. The court reset the jury trial for another date.

[14] "'[A] knowing waiver is the product of an informed will. . . .'" *Duncan*, 975 N.E.2d at 843 (quoting *Eldridge v. State*, 627 N.E.2d 844, 846 (Ind. Ct. App. 1994), *trans. denied*). The statement of Wiley's attorney and the actions of the court led Wiley to believe that the necessary steps had been taken to ensure a jury trial. Indeed, Wiley appeared for the first scheduled jury trial and agreed to pay the costs associated with securing a jury pool to obtain a continuance of the jury trial. It was not until the State filed a motion to strike the jury trial five months later and three weeks prior to the second jury trial date that Wiley was made aware that no such written demand was ever made. Under these circumstances, it cannot be said that Wiley knowingly waived his right to a jury trial. Further, we note that by the time the court struck the jury trial, Wiley could no longer comply with the requirements of Crim. R. 22 as the time for filing a written demand for a jury trial, i.e., "not later than ten (10) days before his first scheduled trial date," had already passed. We find that under the circumstances, Wiley has established that his implied waiver of his right to a misdemeanor jury trial was not knowing and is therefore invalid. We remand this case for a jury trial.

[15] Judgment reversed and remanded.

Bailey, J. and Crone, J., concur.